**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JUNE MELEIGH YERKES,<br><br>　　　　Defendant. | **No. 05-CR-4100-DEO**<br><br>**ORDER REGARDING<br>REPORT AND RECOMMENDATION** |

### I.　INTRODUCTION AND BACKGROUND

On September 20, 2005, a two Count Indictment (Docket No. 1, 09/20/2005) was returned against defendant June Meleigh Yerkes.

Count 1 of that Indictment charges that the defendant, June Meleigh Yerkes, between about September 2001, and continuing through March 19, 2003, in the Northern District of Iowa and elsewhere, did knowingly and unlawfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). This was in violation of Title 21, United States Code, Section 846.

Count 2 of that Indictment charges that on or about March 17, 2003, through March 19, 2003, in the Northern District of Iowa, the defendant, June Meleigh Yerkes, did knowingly and intentionally manufacture and aid and abet in the manufacture of 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

On December 7, 2005, a hearing was held (Minutes at Docket No. 20) on the defendant's motion to suppress evidence (Docket No. 10). United States Magistrate Judge Paul A. Zoss ordered further supplementation of that motion and brief. The plaintiff was ordered to file a supplemental response. On December 21, 2005, a motion for extension of time to file the amended motion to suppress was filed by the defendant (Docket No. 22). On December 22, 2005, a pro se motion for new attorney was filed by the defendant (Docket No. 24). On December 30, 2006 (Docket No. 26), United States Magistrate Judge Paul A. Zoss issued an Order stating that the defendant

withdrew her motion for new counsel and new deadlines for the amended motion to suppress and supportive brief were established; defendant to file by January 9, 2006, and plaintiff to respond by January 19, 2006.

Defendant filed her amended motion and brief on January 9, 2006 (Docket No. 28). On January 18, 2006, the plaintiff filed a motion for an extension of time to file a response to the amended motion (Docket No. 29). The U.S. Magistrate granted the extension until January 27, 2006 (Docket No. 30). The plaintiff filed their response on January 27, 2006 (Docket No. 32).

On February 7, 2006, the United States Magistrate Judge issued a Report and Recommendation (Docket No. 33) regarding the pending motion. The details of the hearing as well as the background of this case are set out in the Report and Recommendation filed by United States Magistrate Judge Paul A. Zoss (Docket No. 33, 02-07-06). This Court will not repeat all the factual information contained in the Report and Recommendation, but that factual information adopted as if fully set out herein.

The Report and Recommendation stated:

> During the hearing, it became apparent that Yerkes was attempting to raise issues that were not set out in her motion or brief. At the conclusion of the hearing, the court directed the parties to supplement the record, and directed Yerkes to file an amended or supplemental motion to suppress and brief. The parties both sought, and were granted, extension of time to file their supplemental documents and on January 9, 2006, Yerkes filed an Amended Motion to Suppress and an amended brief (Doc. No. 28). On January 27, 2006, the Government filed its supplemental resistance (Doc. No. 32).
>
> The motion now has been fully submitted and the court turns to consideration of the motion.

The Report and Recommendation concludes by saying:

> For the above reasons, **IT IS RESPECTFULLY RECOMMENDED** that the defendant's motion to suppress the evidence seized from her car and residence be **denied**, and her motion to suppress her statements to officers during the March 24, 2003, interview be **granted** Any party who objects to this report and recommendation must serve and file specific, written objections by **February 17, 2006**. Any response to the objection must be served and filed by February 24, 2006.
>
> **Any party planning to lodge objections to this report and recommendation must order a transcript of the hearing promptly.**

On February 17, 2006, the Government filed "Government Objections To Report And Recommendation" (Docket No. 34); and on February 24, 2006, the defendant filed, "Defendant's Response To Government's Objections To The Court's Report And Recommendation" (Docket No. 36). On March 22, 2006, this Court filed an Order (Docket No. 37) setting an evidentiary hearing on the objections to the Report and Recommendation, or in the alternative, a plea hearing.

On April 19, 2006, the hearing was held before this Court. The Government withdrew its objections to the Report and Recommendation, and the defendant withdrew her response to the Government's objections to the Report and Recommendation.

In light of the withdrawals from the parties, the Court adopted the Report and Recommendation (Docket No. 38). The Court, therefore, undertakes the necessary review of Judge Zoss's recommendation to deny defendant's motion to suppress the evidence seized from her car and residence, and grant her motion to suppress her statements to officers during the March 24, 2003.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, the objections have been rectified as stated above, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no further grounds to reject or modify them. Therefore, as adopted by the Court at the hearing of April 20, 2006, the Court accepts Judge Zoss's Report and Recommendation (Docket No. 33); and rules that the defendants motion to suppress the evidence seized from her car and residence be **denied**, and her motion to suppress her statements to officers during the March 24, 2003, interview be **granted**.

**IT IS SO ORDERED** this 2nd day of October, 2006.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa